UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | No. 2:17-cv-1891 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On September 21, 2017, plaintiff filed a motion to merge the instant case with his other two cases: (1) <u>Evans v. California Department of Corrections and Rehabilitation</u>, 2:17-cv-1888 AC; and (2) <u>Evans v. California Department of Corrections & Rehabilitation</u>, 2:17-cv-1890 DB. However, on September 26, 2017, plaintiff's motion to consolidate these three cases, filed in plaintiff's lead case, 2:17-cv-1888 AC, was denied:

> The court notes that, of the three cases plaintiff seeks to consolidate, only the immediate one has been screened. Thus, the court cannot yet determine whether plaintiff's claims in the other two cases will involve common questions of law or fact. Indeed, the court has dismissed plaintiff's claims in this case with leave to amend and, consequently, cannot even compare them to his potential claims in the other cases. Therefore, plaintiff's request will be DENIED without prejudice as premature. Plaintiff may

1

renew his motion to consolidate once he has filed an adequate complaint in this case and his other cases have been screened. If he elects to do so, he should bear the above referenced standards in mind and articulate why the convenience of consolidating his claims outweighs the potential for delay, confusion, and prejudice to the relevant defendants.

Id. (ECF No. 11.) The undersigned agrees with Judge Claire's reasoning and denies plaintiff's motion on the same grounds.

To the extent plaintiff intends to raise all of his claims in one amended complaint, plaintiff is reminded that he may only join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to merge cases (ECF No. 7) is denied without prejudice.

Dated: October 16, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eva1891.den