UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS, | No. 2:17-cv-1891 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

On January 28, 2018, plaintiff filed a motion to consolidate this action with two previously-filed actions.[1] However, this civil rights action was closed on January 18, 2018, due to plaintiff's failure to file an amended complaint as required by the October 30, 2017 order. Thus, there is no pending action to consolidate with plaintiff's prior cases. Whether or not plaintiff may pursue the claims he initially raised in this action in either of his previously-filed two actions would depend, in part, on whether he had exhausted his administrative appeals as to such claims prior to the filing of the action (ECF No. 9 at 4), and whether the claims were

---

[1] The lead case is Evans v. CDCR, 2:17-cv-1888 AC (E.D. Cal.) (pending screening of amended complaint), and the second case is Evans v. CDCR, 2:17-cv-1891 DB (E.D. Cal.) (complaint dismissed with leave to amend on January 29, 2018).

1

properly related to the claims pending in the earlier-filed action.[2]

In any event, because the instant action is terminated it is not appropriate to relate or consolidate this action with plaintiff's previously filed actions. Plaintiff is advised that documents filed by plaintiff since the closing date will be disregarded and no orders will issue in response to future filings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to consolidate this terminated action (ECF No. 15) is denied.

Dated: February 12, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/evan1891.58

---

[2] Plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.